IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RICHARD WREN BRADFORD | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:05-CV-285 |
| | § | |
| ALLSTATE INSURANCE COMPANY & | § | |
| ALLSTATE TEXAS LLOYDS | § | JUDGE RON CLARK |
| INSURANCE COMPANY, | § | |
| | § | |
|     *Defendants*. | § | |

**ORDER GRANTING AGREED MOTION TO REMAND**

Before the court is Plaintiff's and Defendants' Agreed Motion to Remand [Doc. # 6]. This case is rare in that after removal both parties agree and stipulate that the amount in controversy is less than $75,000. Based upon this agreement, the amount in controversy requirement is not met and this court lacks jurisdiction. Accordingly, the Agreed Motion to Remand is GRANTED.

**I. Background**

On March 14, 2003, Plaintiff's house was heavily damaged by fire. At the time of the fire, Plaintiff had a homeowner's policy for the house issued by Defendants. Shortly after the fire, Plaintiff made a claim pursuant to that policy for the damages incurred. To date, Defendants have made no payment on the policy.

Plaintiff filed in Texas state court on March 11, 2005 alleging causes of action for breach of contract, claims under the Texas Deceptive Trade Practices Act, fraud, negligence, and breach

of good faith and fair dealing.  In the petition, Plaintiff claimed actual damages of $39,000, exemplary damages in an amount over $50,000 and under $500,000, and attorney's fees ranging between $5,000 and $50,000.  Defendants deny any wrong doing and maintain they acted in accordance with the proper claims handling practices.

On April 12, 2005, Defendants removed to this court.  Both Plaintiff and Defendants now agree and stipulate that the amount at issue in this case is less than $75,000.

## II. Law and Analysis

This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute.  *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978).  There is no federal question jurisdiction in this case, so removal is proper if there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id.*

The only issue before the court is whether or not the amount in controversy is met. Ordinarily, where an exact amount is pled, the court will look to the state court petition to determine the amount in controversy.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  To justify remand where the amount pled in the original petition exceeds the amount in controversy, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.  *Id.*

Here, the amount pled appeared to exceed $75, 000.  Plaintiff had asked for actual damages totaling $39,000, exemplary damages in excess of $50,000, and attorney's fees in excess of $5,000.  However, Defendants and Plaintiff agree and stipulate that the amount at issue is less than $75,000.  This binding stipulation establishes to a legal certainty that Plaintiff's claims are for less than the required amount.

IT IS THEREFORE ORDERED that the Agreed Motion to Remand **[Doc. #6]** is **GRANTED**.  The case is **REMANDED** to the 88th Judicial District Court for Hardin County, Texas, and the Clerk shall send a copy of this Order to the Clerk of the 88th Judicial District Court for Hardin County, Texas.

So **ORDERED** and **SIGNED** this **9**  day of **September, 2005.**

_____
Ron Clark, United States District Judge